**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARY W. YOHO,
Plaintiff-Appellant,

v.                                                          No. 98-1684

COMMISSIONER OF SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-97-109-5)

Submitted: October 30, 1998

Decided: December 31, 1998

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Karl E. Osterhout, ROBERT PEIRCE & ASSOCIATES, Pittsburgh,
Pennsylvania, for Appellant. James A. Winn, Chief Counsel, Region
III, Patricia M. Smith, Deputy Chief Counsel, Adam Trevor Acker-
man, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylva-
nia; William D. Wilmoth, United States Attorney, Helen Cambell Alt-
meyer, Assistant United States Attorney, Wheeling, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary Yoho appeals the district court's order adopting the report and recommendation of a magistrate judge, granting summary judgment to the Commissioner, denying Yoho's motion for summary judgment, and affirming the Commissioner's decision denying his application for disability insurance benefits. Yoho, who alleges he is disabled due to severe depression, contends the administrative law judge ("ALJ") did not give appropriate weight to the medical evidence and did not ask complete hypothetical questions. Finding no reversible error, we affirm.

Yoho was born in September 1951 and has a high school equivalent education. His past relevant work experience includes security guard, carpenter, plumber, and estimator. In August 1992, he suffered a sharp pain in his upper back while moving a heavy gate during his employment as a security guard. He suffered some disc degeneration, but no herniation. Yoho did not return to work and has not engaged in substantial gainful employment since that time. He alleged that he began to suffer severe depression due to his physical impairments.

Dr. Bromley, a psychiatrist, examined Yoho in August and September 1994. Bromley concluded at the end of the August examination that Yoho was 100% temporarily disabled due to his depression. Bromley observed that Yoho carried an angry demeanor and was irritable due to a belief that he was mistreated and victimized by prior employers and the workers' compensation system. According to Bromley, Yoho's depression was caused by his continued unemployment and his chronic pain.

Bromley also observed that Yoho's thoughts are "logical and goal directed, there is no [evidence] of a thought disorder, likewise there's no evidence of delusionality, referential thinking or paranoia." Brom-

2

ley further observed that Yoho's intelligence is"grossly average . . . . His attention and concentration are adequate and his memory for short term registery and short term recall is within normal limits. . . . His insight is fair and his [judgment] is preserved."

Dr. Semidei, a psychiatrist, examined Yoho on one occasion and concluded that he suffered from "Major Depression - moderate." Semidei declined to offer an opinion as to the extent of Yoho's incapacity.

At the request of the ALJ, Frank Eibl, M.A., of Behavioral Associates, P.C., examined Yoho on one occasion. Eibl rated Yoho's ability to deal with the public and work stresses and to demonstrate reliability as "poor or none." He noted that Yoho's depression was due in part to the pain Yoho was experiencing. Like Semidei, he found that Yoho suffered from moderate major depression.

In his objective findings, Eibl concluded that Yoho had notable levels of depression and despair, social withdrawal and somewhat impaired long and short term memory. In his narrative, Eibl stated that Yoho was alert and spontaneous, maintained eye contact, displayed a positive attitude, interacted appropriately, and manifested adequate insight. Eibl also stated that Yoho demonstrated a sad demeanor with depressed levels of self-confidence and self-esteem. He also became easily frustrated if a task became too difficult.

The ALJ found that Yoho had not engaged in any substantial activity since August 1992, did not have an impairment or combination of impairments listed under 20 C.F.R. Pt. 404, Subpt. P, App. 1, but was unable to perform his last relevant work. The ALJ also found that Yoho had the residual functional capacity to perform light work, due to his physical limitations, but not work that could not accommodate slight limitations in social interaction, work pace, or stress tolerance.

The ALJ found Yoho did not suffer from disabling pain and noted it was reported that Yoho exaggerated symptoms of pain. The ALJ also noted that Yoho had long gaps in his work history and opined that, given he was receiving workers' compensation benefits, he lacked motivation to be employed.

The ALJ rejected the medical opinions describing significant mental health limitations because they were inconsistent with the underlying medical evidence. The ALJ noted that Bromley's and Eibl's opinions were "disproportionate with [their] clinical findings." The ALJ found that Yoho's depression went untreated, was not attended by a marked disturbance in sleep or appetite, and did not manifest suicidal or homicidal tendencies. In addition, the ALJ observed that Yoho maintained personal grooming and hygiene. Based upon a series of hypotheticals posed to a vocational expert ("VE"), the ALJ concluded that there are a significant number of jobs Yoho could perform with his physical and mental limitations including alarm monitor, information clerk, and production inspector. The Appeals Council denied Yoho's request for review.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence means "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Yoho contends that the ALJ did not give appropriate weight to the medical opinion regarding his depression. Yoho also contends that the ALJ's findings were not based on accurate hypotheticals.*

A physician's opinion may be accorded less weight if it is not supported by clinical evidence or if it is internally inconsistent. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. §§ 404.1527(c)(2), 416.927 (1996). There is substantial evidence to reject Bromley's and Eibl's opinions on the basis that their conclusions are not supported by their own findings. Bromley's own observations of Yoho do not demonstrate that the depression was disabling. He observed that Yoho's thoughts were in order, that his attention and concentration were adequate, and that he had fair insight and judgment. Likewise, Eibl observed that Yoho had a positive attitude and that he was alert and cooperative.

_____
*Yoho limits his appeal solely to issues concerning his depression. He does not challenge the ALJ's findings regarding any physical disabilities.

4

Yoho also contends that the ALJ was obligated to include her stated limitations as recorded in the Psychiatric Review Technique Form ("PRTF") in her hypotheticals to the VE. At step three of the sequential five-step analysis found at 20 C.F.R.§ 416.920 (1996), the ALJ is required to complete the PRTF in order to assess a claimant's mental impairment in categories identified as the"paragraph B" criteria of § 12.00 of the Listing of Impairments. The ALJ indicated that Yoho "often" had deficiencies of concentration, persistence or pace, resulting in failure to complete tasks in a timely manner. At the hearing, the ALJ's hypotheticals referred to Yoho's deficiencies as slight.

The ALJ must propound hypothetical questions to the expert that are based upon a consideration of all relevant evidence of record on the claimant's impairment and fairly set out the claimant's impairments. See English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993); Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). There is no obligation, however, to transfer the findings on the PRTF verbatim to the hypothetical questions. The ALJ found Yoho slightly limited in his ability to deal with others in a work setting, to cope with stresses, and to maintain a consistent pace at work. This finding is supported by the evidence and is not contradictory to the ALJ's notation on the PRTF. Thus, we find that the ALJ's hypotheticals were supported by the evidence and fairly set out Yoho's impairments.

Based on the foregoing, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

5